UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST;

Plaintiffs,

vs.

HAZARDOUS MATERIALS ABATEMENT CORPORATION,

Defendant.

CIVIL FILE NO. 00-328 JRT/FLN

**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter was heard before the undersigned on the ~~10th~~ 30th day of March, 2000. Pamela Hodges Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on February 10, 2000.

2. Defendant Hazardous Materials Abatement Corporation was personally served with a Summons and Complaint in this matter on February 11, 2000.

3. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

FILED MAR 3 0 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK [initials]

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, MN 55435, as the administrative agent designated by the Trustees.

5. Defendant accepted and agreed to be bound by a collective bargaining agreement with the Laborers District Council of Minnesota. The agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant failed to submit report forms or pay contributions for the months of October, November, and December, 1999 , and January and February, 2000.

7. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

8. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must submit payroll report forms and pay the contributions for all months for which Defendant is delinquent.

3. Defendant owes additional amounts for liquidated damages, interest, and attorneys' fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant file reports for October, November, and December, 1999 and January and February, 2000, at the office of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, correctly identifying hours worked by laborers and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 5 days of service of this Order upon them.

3. That Defendant pay the contributions of all of the hours reported pursuant to the Court's order plus interest, liquidated damages in the amount of 10% of the delinquent contributions, and Plaintiffs' attorneys' fees and costs.

4. That upon the filing of the reports by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, interest, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**IT IS SO ORDERED.**

Dated: 3-30-2000

BY THE COURT

John R. Tunheim
United States District Court Judge